NWOKORO & SCOLA, ESQUIRES
44 Wall Street, Suite 1218
New York, NY 10005
Tel.: (212) 785-1060
Attorneys for plaintiff

```
-------------------------------X----------------------------
JEROME ROMAN,                      :UNITED STATES DISTRICT COURT
                                   :SOUTHERN DISTRICT OF NEW YORK
              Plaintiff(s),        :
                                   : CASE No.:_____
     against                       :
                                   : CIVIL ACTION
                                   :
THE CITY OF NEW YORK, DETECTIVE    : COMPLAINT
DAVID TERRELL, and JOHN DOES       :
1-5,                               :
                                   : PLAINTIFF DEMANDS
                                   : TRIAL BY JURY
              Defendant(s).        :
-------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Jerome Roman, hereby appears in this action by his attorneys, Nwokoro & Scola, Esquires, and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Jerome Roman, by his attorneys, Nwokoro & Scola, Esquires, complaining of the defendants, The City of New York, Detective David Terrell, and John Does 1 to 5, collectively referred to as the Defendants, upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured

1

to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983.

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.  As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

4.  Plaintiff, Jerome Roman, is currently 22 years of age, and resides in the Bronx, within the City and State of New York.

5.  The actions which form the underlying basis for this case all took place in the County of Bronx, within the jurisdiction of the Southern District of New York.

6.  Defendants Detective David Terrell and Police Officers John Does 1 to 5, are police officers for the City of New York acting under color of state law. At all material times, the defendant Police Officers were employed at the 42nd precinct of the New York City Police Department, which covers the

area known as the Morrisanna Section of the Boro of the Bronx. They are being sued in both their individual and official capacities.

7.   The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Police Officers.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.   Beginning in the year 2012, plaintiff Jerome Roman, has been arrested multiple times without probable cause, by Detective David Terrell, and other police officers from the 42nd Precinct working with defendant Terrell.

9.   Officially, plaintiff Jerome Roman has been arrested eight times by Detective Terrell and other police officers working with detective Terrell, and falsely charged with crimes that he did not commit and each time, the false charges have been dismissed without a trial.

10.  In addition to the eight official arrests, plaintiff Roman has been stopped, harassed, apprehended, battered and detained by defendant Terrell at other times and then released after such detention without being officially arrested, although, each time he was handcuffed and detained in a cell at the 42nd Precinct.

11.  On July 13, 2012, Detective Terrell and John Does 1-5, arrested plaintiff and charged him with resisting arrest. In fact, plaintiff was not resisting arrest and the defendants were merely harassing the plaintiff on false pretenses. That charge was dismissed on July 24, 2013 after plaintiff appeared in court multiple times.

12.  On July 20, 2012, Detective Terrell and John Does 1-5 arrested plaintiff and charged him with resisting arrest,

disorderly conduct, and obstruction of government
administration. In fact, plaintiff did not resist arrest,
did not obstruct government administration and was not
being disorderly, and the defendants were merely harassing
the plaintiff on false pretenses. The charges were
dismissed on July 24, 2013 after plaintiff had appeared in
court multiple times.

13. In April 2014, at around 2 to 4 p.m., in the afternoon,
plaintiff Roman, and some friends and acquaintances
including Anthony Floyd, Andrew Hunt, and Jacob Rowland,
were walking home from the Criminal Court House in the
Bronx on 161st Street. When they reached 163rd Street,
defendant Terrell and other police officers names unknown
stopped them and told them that they were being arrested
for disorderly conduct. Plaintiff and his friends were
handcuffed, placed in patrol vehicles and taken to the 42nd
Precinct Station House.

14. At the 42nd Precinct, plaintiff Roman was placed in a
holding cell along with other detainees. While they were in
the holding cell, Detective Terrell came to the holding
cell and taunted the plaintiff and the others saying "you
are no longer being charged with disorderly conduct, you
are being detained for being a dickhead from Lyman".

15. While plaintiff Roman was in the holding cell, there was a
fight between two other detainees, and as a result,
Detective Terrell and other police officers and began to
indiscriminately assault all the detainees, including
plaintiff Roman, who was not involved in the fight.

16. Defendant Terrell, and other police officers punched and
kicked plaintiff Roman, pushed him to the ground and
stepped on him during this assault.

17. Plaintiff Roman was kept in the holding cell for several

4

more hours and then later that night, he was released without being charged with any crime or given any other explanation.

18. On or about July 20, 2014, plaintiff was falsely arrested by defendant Terrell and other police officers names currently unknown.

19. That in the course of the aforesaid arrest, Mr. Roman was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was pedigreed, booked and further detained.

20. That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and or offense.

21. That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they repeated it.

22. That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrests and to persuade the BCDA to commence the plaintiff's criminal prosecution.

23. That as a direct result of these false allegations by the defendant police officers, the plaintiff was criminally charged with Criminal Trespass and Trespass.

24. That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Criminal Court of the City of New York, sitting in Bronx

County, arraigned, and further detained.

25.   The arrest of plaintiff on or about July 20, 2014 was without probable cause.

26.   That the said arrest was motivated by malice and a desire on the part of Detective David Terrell and John Doe Police officers to exercise undue influence over plaintiff Roman, using their position of power as police officers.

27.   That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

28.   At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

29.   On or about August 21, 2015, all criminal charges against Jerome Roman stemming from the arrest on July 20, 2014, were dismissed without trial.

30.   On July 21, 2014, plaintiff Roman was again arrested by Detective David Terrell, individually and acting through other police officers also stationed in the 42nd Precinct of the NYPD, and charged with, criminal sale of marijuana, unlawful possession of marijuana and criminal possession of marijuana.

31.   That in the course of the aforesaid arrest, Mr. Roman was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was pedigreed, booked and further detained.

32.   That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed

a crime and or offense.

33. That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they repeated it.

34. That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrests and to persuade the BCDA to commence the plaintiff's criminal prosecution.

35. That as a direct result of these false allegations by the defendant police officers, the plaintiff was criminally arraigned and charged.

36. That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Criminal Court of the City of the Bronx, arraigned, charged, and further detained.

37. The arrest of plaintiff on or about July 21, 2014 was without probable cause.

38. The said arrest was motivated by malice and a desire on the part of Detective David Terrell and the John Doe Police Officers to exercise undue influence over Jerome Roman, using their position of power as police officers.

39. That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

40. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

41. That from July 21, 2014 until January 23, 2015, plaintiff

was caused to attend court several times to defend the criminal charges against him.

42. That on January 23, 2015, all charges against Jerome Roman, stemming from his arrest on July 21, 2014, were dismissed without trial.

43. On or about August 1, 2014, plaintiff was falsely arrested by defendant Terrell and other police officers names currently unknown, under arrest number B14654210.

44. That in the course of the aforesaid arrest, Mr. Roman was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precint of the NYPD, where he was pedigreed, booked and further detained in a holding cell.

45. Mr. Roman was then released without being told why he was arrested and without being charged with any offences.

46. That at no time prior to or during the above events was there probable cause to arrest the plaintiff nor was it reasonable for the defendants to believe that probable cause existed to arrest the plaintiff.

47. That on June 13, 2015, plaintiff Roman was once again arrested by Detective David Terrell, individually and acting through other police officers also stationed in the 42nd precinct of the NYPD, and charged with, criminal possession of marijuana and unlawful possession of marijuana.

48. That in the course of the aforesaid arrest, Mr. Roman was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was pedigreed, booked and further detained.

8

49. That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and or offense.

50. That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they repeated it.

51. That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrests and to persuade the BCDA to commence the plaintiff's criminal prosecution.

52. That as a direct result of these false allegations by the defendant police officers, the plaintiff was criminally arraigned and charged with criminal possession of marijuana and unlawful possession of marijuana in the Criminal Court of the City of New York, sitting in Bronx County, under docket number 2015BX035112.

53. That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Criminal Court of the City of the Bronx, arraigned, charged, and further detained.

54. The arrest of plaintiff on or about June 13, 2015 was without probable cause.

55. The said arrest of plaintiff was motivated by malice and a desire on the part of Detective Terrell to exercise undue influence over the plaintiff using his position of power as police officer.

56. That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it

reasonable for the defendants to believe that probable cause existed.

57. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

58. That from June 13, 2015 until August 10, 2016, plaintiff was caused to attend court at various times to defend the criminal charges against him.

59. That on August 10, 2016, all charges against plaintiff, stemming from his arrest on June 13, 2015, were dismissed without trial.

**AS A FIRST CAUSE OF ACTION FOR THE ARREST OF 7-20-14: AGAINST DETECTIVE DAVID TERRELL AND JOHN DOES 1-5, FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

60. By this reference, plaintiffs incorporates each and every preceding allegation of this complaint as though fully set forth herein.

61. In the arrest, detention and imprisonment of plaintiff on or about July 20, 2014, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

62. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him,

was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

63. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

64. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

**AS A SECOND CAUSE OF ACTION FOR THE ARREST OF 07-20-14: AGAINST DETECTIVE DAVID TERREL AND JOHN DOES 1-5: MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983**

65. By this reference, plaintiff incorporates each and every preceding allegation of this complaint as though fully set forth herein.

66. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

67. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

68. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

69. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

70. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

71. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

72. That the defendant officers misrepresented and falsified

evidence throughout all phases of the criminal proceeding.

73. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

74. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

75. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

76. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

77. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

78. By their conduct as described above, and acting under color of state law, defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States Constitution.

79. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

80. In addition, the defendant officers conspired among

themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

81. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**AS A THIRD CAUSE OF ACTION: FOR THE ARREST OF 07-21-14: AGAINST DETECTIVE DAVID TERRELL AND JOHH DOES 1-5, FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

83. By this reference, plaintiff incorporates each and every preceding allegation of this complaint as though fully set forth herein.

84. In the arrest, detention and imprisonment of plaintiff on or about July 21, 2014, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the

Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

85. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

86. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

87. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

**AS A FOURTH CAUSE OF ACTION: FOR THE ARREST OF 07-21-14: AGAINST DETECTIVE DAVID TERRELL AND JOHN DOES 1-5: MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983**

88. By this reference, plaintiff incorporates each and every preceding allegation of this complaint as though fully set forth herein.

89. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

90. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

91. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

92. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

93. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

94. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

95. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

96. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

97. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

98. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

99. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

100. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

101. By their conduct as described above, and acting under color of state law, defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States Constitution.

102. As a consequence of the malicious prosecution by the

defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

103. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

104. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

105. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**AS A FIFTH CAUSE OF ACTION: FOR THE ARREST OF 06-13-15: AGAINST DETECTIVE DAVID TERRELL AND JOHH DOES 1-5, FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

106. By this reference, plaintiff incorporates each and every

16

preceding allegation of this complaint as though fully set forth herein.

107. In the arrest, detention and imprisonment of plaintiff on or about June 13, 2015, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

108. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

109. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

110. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.


**AS A SIXTH CAUSE OF ACTION: FOR THE ARREST OF 06-13-15: AGAINST DETECTIVE DAVID TERRELL AND JOHN DOES 1-5: MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983**

111. By this reference, plaintiff incorporates each and every

preceding allegation of this complaint as though fully set forth herein.

112. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

113. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

114. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

115. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

116. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

117. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

118. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

119. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

120. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

121. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

122. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

123. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before

the Court against the plaintiffs were false and untrue.

124. By their conduct as described above, and acting under color of state law, defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States Constitution.

125. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

126. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

127. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

128. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the

damages herein before stated.

**AS A SEVENTH CAUSE OF ACTION: FOR THE ARREST OF 08-01-14: AGAINST DETECTIVE DAVID TERRELL AND JOHH DOES 1-5, FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

129. By this reference, plaintiff incorporates each and every preceding allegation of this complaint as though fully set forth herein.

130. In the arrest, detention and imprisonment of plaintiff on or about August 1, 2014, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

131. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

132. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

133. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant

officers acts as described above.

**AS AN EIGHT CAUSE OF ACTION: WITH RESPECT TO ARREST OF 7-20-14: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983**

134. By this reference, the plaintiff incorporates each and every preceding allegation of this complaint as though fully set forth herein.

135. Detective David Terrell created false evidence against the plaintiff.

136. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Bronx County District Attorney's office.

137. Defendant Terrell was directly involved in the initiation of criminal proceedings against the plaintiffs.

138. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

139. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

140. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

141. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

142. Defendant Terrell acted with malice in continuing criminal proceedings against the plaintiff.

143. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

144. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

145. Defendant Terrell withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

146. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

147. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

148. As a consequence of the defendant Terrell's actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

149. As a consequence of the defendant Terrell's actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A NINTH CAUSE OF ACTION: WITH RESPECT TO ARREST OF 7-21-14: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983**

150. By this reference, the plaintiff incorporates each and

every preceding allegation of this complaint as though fully set forth herein.

151. Defendant Terrell created false evidence against the plaintiff.

152. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

153. Defendant Terrell was directly involved in the initiation of criminal proceedings against the plaintiffs.

154. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

155. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

156. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

157. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

158. Defendant Terrell acted with malice in continuing criminal proceedings against the plaintiff.

159. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

160. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

161. Defendant Terrell withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

162. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

163. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading

testimony throughout the criminal proceedings, Defendant Terrell violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

164. As a consequence of defendant Terrell's actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

165. As a consequence of the defendant Terrell's actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A TENTH CAUSE OF ACTION: WITH RESPECT TO ARREST OF 6-13-15: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983**

166. By this reference, the plaintiff incorporates each and every preceding allegation of this complaint as though fully set forth herein.

167. Defendant Terrell created false evidence against the plaintiff.

168. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Bronx County District Attorney's office.

169. Defendant Terrell was directly involved in the initiation of criminal proceedings against the plaintiff.

170. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

171. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

172. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

173. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

174. Defendant Terrell acted with malice in continuing criminal proceedings against the plaintiff.

175. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

176. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

177. Defendant Terrell withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

178. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

179. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, Defendant Terrell violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

180. As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an

amount to be determined at trial, against each defendant officer, individually and severally.

181. As a consequence of Defendant Terrell's individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

## AS AN ELEVENTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

182. By this reference, plaintiff incorporates each and every preceding allegation of this complaint as though fully set forth herein.

183. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

184. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

185. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

186. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following

unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are engaged in illegal or criminal conduct;

b. manufacturing evidence against individuals allegedly involved in illegal or criminal conduct;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

187. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

188. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not

substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

189. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

190. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

191. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the

officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

192. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

193. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

194. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff

of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a)   The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b)   The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)   The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d)   The right to be free from the use of excessive force.

195. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

196. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

197. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

198. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

       **WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

    Dated: April 14, 2017,
        New York, New York

                          /s/
                    Chukwuemeka Nwokoro, Esq.
                    Nwokoro & Scola, Esquires
                    Attorney for Plaintiff
                    44 Wall Street, Suite 1218
                    New York, New York 10005
                    Tel. (212) 785-1060