UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JEROME ROMAN,<br><br>                                Plaintiff,<br><br>            -against-<br><br>THE CITY OF NEW YORK, DETECTIVE DAVID TERRELL, and JOHN DOES 1-5,<br><br>                                Defendants. | **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**<br><br>17 Civ. 2697 (ALC) (SN)<br><br>**JURY TRIAL DEMANDED** |

------------------------------------------------------------------------ x

Defendant City of New York by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

1. Denies the allegations in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

2. Denies the allegations in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Denies the allegations in paragraph "3" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

---

[1] Defendant City of New York first received plaintiff's executed § 160.50(1)(d) releases on June 27, 2017 (for the incidents alleged in plaintiff's complaint, with the exception of an incident that occurred in an unspecified date in "April, 2014" [Comp. at ¶ 13]).

Upon information and belief, and based upon a review of the Civil Docket Sheet, defendant Detective David Terrell has not yet been served with a copy of the summons and complaint (Docket Entry No. 11). Accordingly, this answer is not submitted on Detective Terrell's behalf.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the complaint.

5. Denies the allegations in paragraph "5" of the complaint, except admits the Bronx is within the jurisdiction of the Southern District of New York.

6. Denies the allegations in paragraph "6" of the complaint, except admits only that during the period of 2012-2015, David Terrell was employed by the Police Department of the City of New York, that the 42nd Precinct covers a portion of the Bronx, and that plaintiff purports to proceed as stated therein; denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding unnamed defendants, and states that the allegations that defendants were "acting under color of state law" are legal conclusions to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the complaint, except admits that David Terrell was employed by the NYPD during the period of 2012-2015, and respectfully refers the Court to the New York City Charter and the Administrative Code and other applicable provisions of law for a recitation of the relationship between defendant City of New York and the NYPD and the City's responsibilities incident thereto.

8. Denies the allegations in paragraph "8" of the complaint, except admits only that plaintiff has been arrested on multiple occasions.

9. Denies the allegations in paragraph "9" of the complaint, except admits only that plaintiff has been arrested on multiple occasions.

10. Denies the allegations in paragraph "10" of the complaint.

11. Denies the allegations in paragraph "11" of the complaint, except admits only that on July 13, 2012, plaintiff was arrested and charged with crimes including resisting arrest (N.Y.P.L. § 205.30); obstructing governmental administration in the second degree (N.Y.P.L. § 195.05); and reckless endangerment in the second degree (N.Y.P.L. § 120.20), and denies knowledge or information sufficient to form a belief as to the disposition of the charges.

12. Denies the allegations in paragraph "12" of the complaint, except admits only that on July 20, 2012, plaintiff was arrested and charged with crimes including resisting arrest (N.Y.P.L. § 205.30); obstructing governmental administration in the second degree (N.Y.P.L. § 195.05); and disorderly conduct (N.Y.P.L. § 240.20[1]), and denies knowledge or information sufficient to form a belief as to the disposition of the charges.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the complaint.

18. Denies the allegations in paragraph "18" of the complaint, except admits only that on July 20, 2014, plaintiff was arrested.

19. Denies the allegations in paragraph "19" of the complaint, except admits only that plaintiff was arrested on July 20, 2014 and detained incident to the arrest.

20. Denies the allegations in paragraph "20" of the complaint, except admits only that arrest paperwork was created incident to plaintiff's July 20, 2014 arrest.

21. Denies the allegations in paragraph "21" of the complaint.

22. Denies the allegations in paragraph "22" of the complaint.

23. Denies the allegations in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the complaint, except admits only that plaintiff was detained incident to his July 20, 2014 arrest, and then arraigned on July 21, 2014.

25. Denies the allegations in paragraph "25" of the complaint.

26. Denies the allegations in paragraph "26" of the complaint.

27. Denies the allegations in paragraph "27" of the complaint.

28. Denies the allegations in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the complaint.

30. Denies the allegations in paragraph "30" of the complaint, except admits only that on July 21, 2014, plaintiff was arrested and charged with criminal sale of marijuana in the fourth degree (N.Y.P.L. § 221.40).

31. Denies the allegations in paragraph "31" of the complaint, except admits only that plaintiff was detained incident to his arrest on July 21, 2014.

32. Denies the allegations in paragraph "32" of the complaint, except admits only that on July 21, 2014, plaintiff was arrested and arrest paperwork was created.

33. Denies the allegations in paragraph "33" of the complaint.

34. Denies the allegations in paragraph "34" of the complaint.

35. Denies the allegations in paragraph "35" of the complaint, except admits only that plaintiff was arraigned on charges relating to his July 21, 2014 arrest.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the complaint, except admits only that plaintiff was in custody following his arrest and prior to his arraignment on July 23, 2014.

37. Denies the allegations in paragraph "37" of the complaint.

38. Denies the allegations in paragraph "38" of the complaint.

39. Denies the allegations in paragraph "39" of the complaint.

40. Denies the allegations in paragraph "40" of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the complaint.

43. Denies the allegations in paragraph "43" of the complaint, except admits only that plaintiff was arrested on August 1, 2014 under arrest number B14654210-N.

44. Denies the allegations in paragraph "44" of the complaint, except admits only that plaintiff was detained incident to his arrest on August 1, 2014.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the complaint.

46. Denies the allegations in paragraph "46" of the complaint.

47. Denies the allegations in paragraph "47" of the complaint, except admits only that plaintiff was arrested on June 13, 2015 and charged with criminal possession of marijuana in the fifth degree (N.Y.P.L. § 221.10[1]).

48. Denies the allegations in paragraph "48" of the complaint, except admits only that plaintiff was detained incident to his arrest on June 13, 2015.

49. Denies the allegations in paragraph "49" of the complaint, except admits only that arrest paperwork was created in relation to plaintiff's June 13, 2015 arrest.

50. Denies the allegations in paragraph "50" of the complaint.

51. Denies the allegations in paragraph "51" of the complaint.

52. Denies the allegations in paragraph "52" of the complaint, except admits only that plaintiff was arraigned on June 13, 2015 in relation to his arrest on that date.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the complaint, except admits only that plaintiff was detained following his arrest on June 13, 2015, and that plaintiff was arraigned.

54. Denies the allegations in paragraph "54" of the complaint.

55. Denies the allegations in paragraph "55" of the complaint.

56. Denies the allegations in paragraph "56" of the complaint.

57. Denies the allegations in paragraph "57" of the complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59" of the complaint.

60. In response to the allegations in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

61. Denies the allegations in paragraph "61" of the complaint, except states that the allegations in that defendants were "acting under color of state law" are legal conclusions to which no response is required.

62. Denies the allegations in paragraph "62" of the compliant.

63. Denies the allegations in paragraph "63" of the compliant.

64. States that the allegations in paragraph "64" of the complaint are legal conclusions to which no response is required.

65. In response to the allegations in paragraph "65" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the complaint.

67. Denies the allegations in paragraph "67" of the compliant.

68. Denies the allegations in paragraph "68" of the complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "69" of the complaint.

70. Denies the allegations in paragraph "70" of the complaint.

71. Denies the allegations in paragraph "71" of the complaint.

72. Denies the allegations in paragraph "72" of the complaint.

73. Denies the allegations in paragraph "73" of the complaint.

74. Denies the allegations in paragraph "74" of the complaint.

75. Denies the allegations in paragraph "75" of the complaint.

76. Denies the allegations in paragraph "76" of the complaint.

77. Denies the allegations in paragraph "77" of the complaint.

78. Denies the allegations in paragraph "78" of the complaint, except states that the allegations that defendants were "acting under color of state law" are legal conclusions to which no response is required.

79. Denies the allegations in paragraph "79" of the complaint.

80. Denies the allegations in paragraph "80" of the complaint.

81. Denies the allegations in paragraph "81" of the complaint.

82. Denies the allegations in paragraph "82" of the complaint.

83. In response to the allegations in paragraph "83" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84. Denies the allegations in paragraph "84" of the complaint except states that the allegations that defendants "acted under color of state law" are legal conclusions to which no response is required.

85. Denies the allegations in paragraph "85" of the complaint.

86. Denies the allegations in paragraph "86" of the complaint.

87. States that the allegations in paragraph "87" of the complaint are legal conclusions to which no response is required.

88. In response to the allegations in paragraph "88" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the complaint.

90. Denies the allegations in paragraph "90" of the complaint.

91. Denies the allegations in paragraph "91" of the complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "92" of the complaint.

93. Denies the allegations in paragraph "93" of the complaint.

94. Denies the allegations in paragraph "94" of the complaint.

95. Denies the allegations in paragraph "95" of the complaint.

96. Denies the allegations in paragraph "96" of the complaint.

97. Denies the allegations in paragraph "97" of the complaint.

98. Denies the allegations in paragraph "98" of the complaint.

99. Denies the allegations in paragraph "99" of the complaint.

100. Denies the allegations in paragraph "100" of the complaint.

101. Denies the allegations in paragraph "101" of the complaint, except states that the allegations that defendants were "acting under color of law" are legal conclusions to which no response is required.

102. Denies the allegations in paragraph "102" of the complaint.

103. Denies the allegations in paragraph "103" of the complaint.

104. Denies the allegations in paragraph "104" of the complaint, and further states that the allegations concerning whether the defendant officers were "acting under color of law" are legal conclusions to which no response is required.

105. Denies the allegations in paragraph "105" of the complaint.

106. In response to the allegations in paragraph "106" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

107. Denies the allegations in paragraph "107" of the complaint except states that the allegations that defendants were "acting under color of state law" are legal conclusions to which no response is required.

108. Denies the allegations in paragraph "108" of the complaint.

109. Denies the allegations in paragraph "109" of the complaint.

110. States that the allegations in paragraph "110" of the complaint are legal conclusions to which no response is required.

111. In response to the allegations in paragraph "111" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "112" of the complaint.

113. Denies the allegations in paragraph "113" of the complaint.

114. Denies the allegations in paragraph "114" of the complaint.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "115" of the complaint.

116. Denies the allegations in paragraph "116" of the complaint.

117. Denies the allegations in paragraph "117" of the complaint.

118. Denies the allegations in paragraph "118" of the complaint.

119. Denies the allegations in paragraph "119" of the complaint.

120. Denies the allegations in paragraph "120" of the complaint.

121. Denies the allegations in paragraph "121" of the complaint.

122. Denies the allegations in paragraph "122" of the complaint.

123. Denies the allegations in paragraph "123" of the complaint.

124. Denies the allegations in paragraph "124" of the complaint, except states that the allegations that defendants were "acting under color of state law" are legal conclusions to which no response is required.

125. Denies the allegations in paragraph "125" of the complaint.

126. Denies the allegations in paragraph "126" of the complaint.

127. Denies the allegations in paragraph "127" of the complaint, except states that the allegations that they acted "under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers" are legal conclusions to which no response is required.

128. Denies the allegations in paragraph "128" of the complaint.

129. In response to the allegations in paragraph "129" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

130. Denies the allegations in paragraph "130" of the complaint, except states that the allegations that defendants were "acting under color of state law" are legal conclusions to which no response is required.

131. Denies the allegations in paragraph "131" of the complaint.

132. Denies the allegations in paragraph "132" of the complaint, except admits only that plaintiff purports to proceed as stated therein.

133. Denies the allegations in paragraph "133" of the complaint.

134. In response to the allegations in paragraph "134" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

135. Denies the allegations in paragraph "135" of the complaint.

136. Denies the allegations in paragraph "136" of the complaint.

137. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "137" of the complaint.

138. Denies the allegations in paragraph "138" of the complaint.

139. Denies the allegations in paragraph "139" of the complaint.

140. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "140" of the complaint.

141. Denies the allegations in paragraph "141" of the complaint.

142. Denies the allegations in paragraph "142" of the complaint.

143. Denies the allegations in paragraph "143" of the complaint.

144. Denies the allegations in paragraph "144" of the complaint.

145. Denies the allegations in paragraph "145" of the complaint.

146. Denies the allegations in paragraph "146" of the complaint.

147. Denies the allegations in paragraph "147" of the complaint.

148. Denies the allegations in paragraph "148" of the complaint.

149. Denies the allegations in paragraph "149" of the complaint.

150. In response to the allegations in paragraph "150" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

151. Denies the allegations in paragraph "151" of the complaint.

152. Denies the allegations in paragraph "152" of the complaint.

153. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "153" of the complaint.

154. Denies the allegations in paragraph "154" of the complaint.

155. Denies the allegations in paragraph "155" of the complaint.

156. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "156" of the complaint.

157. Denies the allegations in paragraph "157" of the complaint.

158. Denies the allegations in paragraph "158" of the complaint.

159. Denies the allegations in paragraph "159" of the complaint.

160. Denies the allegations in paragraph "160" of the complaint.

161. Denies the allegations in paragraph "161" of the complaint.

162. Denies the allegations in paragraph "162" of the complaint.

163. Denies the allegations in paragraph "163" of the complaint.

164. Denies the allegations in paragraph "164" of the complaint.

165. Denies the allegations in paragraph "165" of the complaint.

166. In response to the allegations in paragraph "166" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

167. Denies the allegations in paragraph "167" of the complaint.

168. Denies the allegations in paragraph "168" of the complaint.

169. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "169" of the complaint.

170. Denies the allegations in paragraph "170" of the complaint.

171. Denies the allegations in paragraph "171" of the complaint.

172. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "172" of the complaint.

173. Denies the allegations in paragraph "173" of the complaint.

174. Denies the allegations in paragraph "174" of the complaint.

175. Denies the allegations in paragraph "175" of the complaint.

176. Denies the allegations in paragraph "176" of the complaint.

177. Denies the allegations in paragraph "177" of the complaint.

178. Denies the allegations in paragraph "178" of the complaint.

179. Denies the allegations in paragraph "179" of the complaint.

180. Denies the allegations in paragraph "180" of the complaint.

181. Denies the allegations in paragraph "181" of the complaint.

182. In response to the allegations in paragraph "182" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

183. Denies the allegations in paragraph "183" of the complaint.

184. Denies the allegations in paragraph "184" of the complaint.

185. States that the allegations in paragraph "185" of the complaint are legal conclusions to which no response is required.

186. Denies the allegations in paragraph "186" and its subparts.

187. Denies the allegations in paragraph "187" of the complaint.

188. Denies the allegations in paragraph "188" of the complaint.

189. Denies the allegations in paragraph "189" of the complaint.

190. Denies the allegations in paragraph "190" of the complaint.

191. Denies the allegations in paragraph "191" of the complaint, and respectfully refers the Court to the cited documents and reports for a complete and accurate recitation of the findings and statements made therein.

192. Denies the allegations in paragraph "192" of the complaint, and respectfully refers the Court to the cited material for a complete and accurate recitation of the statements made therein.

193. Denies the allegations in paragraph "193" of the complaint, and respectfully refers the Court to the cited cases for a complete and accurate recitation of the findings and statements made therein.

194. Denies the allegations in paragraph "194" of the complaint, and its subparts.

195. Denies the allegations in paragraph "195" of the complaint.

196. Denies the allegations in paragraph "196" of the complaint.

197. Denies the allegations in paragraph "197" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

198. Denies the allegations in paragraph "198" of the complaint.

**FIRST AFFIRMATIVE DEFENSE:**

199. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

200. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of defendant City of New York.

**THIRD AFFIRMATIVE DEFENSE:**

201. Defendant City of New York has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOURTH AFFIRMATIVE DEFENSE:**

202. There was probable cause for plaintiff's arrests, detentions, and prosecutions.

**FIFTH AFFIRMATIVE DEFENSE:**

203. Plaintiff has failed to mitigate his alleged damages.

**SIXTH AFFIRMATIVE DEFENSE:**

204. Plaintiff has failed to state a viable claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

### SEVENTH AFFIRMATIVE DEFENSE:

205. Punitive damages cannot be assessed against defendant City of New York.

### EIGHTH AFFIRMATIVE DEFENSE:

206. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### NINTH AFFIRMATIVE DEFENSE:

207. Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to comply with all conditions precedent to suit.

### TENTH AFFIRMATIVE DEFENSE:

208. Plaintiff provoked any incident..

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 25, 2017

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendant City of NY*
100 Church Street, Room 3-309
New York, New York 10007
(212) 356-2334

By: _____/s/_____
  Kiran H. Rosenkilde
  Assistant Corporation Counsel

TO: <u>VIA ECF</u>
    Chukwuemeka Nwokoro, Esq.
    *Attorney for Plaintiff*
    44 Wall Street, Suite 1218

New York, New York 10005