

**ZACHARY W. CARTER**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**KIRAN H. ROSENKILDE**
*Assistant Corporation Counsel*
Tel.: (212) 356-2334
Fax: (212) 356-3509

April 10, 2018

**BY ECF & EMAIL**
Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Jerome Roman v. City of New York, et al.,*
       17 Civ. 2697 (ALC)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York and Detective David Terrell (hereinafter "City defendants") in the above-referenced matter. City defendants write to respectfully request that this case be removed from mediation under Local Civil Rule 83.10(8) ("the Plan") in light of new information. Plaintiff's counsel, Chukwuemeka Nwokoro, takes no position regarding this request.

By way of background, plaintiff Jerome Roman brings this action pursuant to 42 U.S.C. § 1983 for claims of false arrest, malicious prosecution, denial of right to a fair trial and *Monell*. Plaintiff alleges in substance that Detective Terrell and other officers working with Detective Terrell arrested plaintiff without legal justification on eight occasions, and that the Bronx County District Attorney's Office either never charged plaintiff or ultimately dismissed charges from these arrests. *See* Compl. ¶ 9.

This Office previously requested, and was granted, three extensions of the Plan mediation deadline to obtain outstanding files from the Bronx District Attorney's Office pertaining to Plaintiff's eight underlying arrests. *See* Order, ECF Nos. 20 (Nov. 28, 2017), 22 (Dec. 15,

2017), 24 (Feb. 9, 2018) (ALC).  This Office has now received the outstanding files from the Bronx District Attorney pertaining to Plaintiff's arrests at issue in this matter.[1]

The reason for this request is that the scheduled mediation may not be productive in light of Plaintiff's expected unavailability.  As the Court is aware, under Local Civil Rule 83.10(8), Plaintiff is required to be present for mediation.  I have learned that Plaintiff was convicted on February 7, 2018 on a felony gun possession charge.  According to the Department of Correction's public Inmate Lookup, Plaintiff is currently remanded and his next court date is April 18, 2018.  On information and belief, this is his sentencing date.  Thus, it does not appear that Plaintiff will be present for mediation.

After review of recently obtained Bronx District Attorney's Office's files, this office has confirmed that Detective Terrell was not involved in Plaintiff's arrests (with one exception, a summons which appears to have been issued outside of the statute of limitations period) and no pattern of misconduct is apparent.  However, City defendants have indicated to Plaintiff's counsel and the mediator that they would be willing to attend mediation in order to hear from Plaintiff; to better understand his allegations; and to have the mediator's input.  However, in light of Plaintiff's expected unavailability, the mediation would be of little or no utility.  The mediator has instructed that this letter be submitted to the Court.

For the foregoing reasons, City defendants respectfully request that this case be removed from Plan mediation.  Upon information and belief, this request will not affect any other deadlines in this case.

Thank you for your consideration.

Respectfully submitted,

/s/
Kiran H. Rosenkilde
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     ALCarterNYSDChambers@nysd.uscourts.gov

Chukwuemeka Nwokoro, Esq. (*By ECF & Email*)
Attorney for Plaintiff
Nwokoro & Associates, P.C.

---

[1] The Bronx District Attorney's Office was unable to locate its complete files pertaining to Plaintiff's arrests on January 3, 2013 and October 17, 2013. However, the documents that the Bronx District Attorney's Office produced pertaining to these arrests do not support Plaintiff's claims.  Plaintiff's arrest on January 3, 2013 stemmed from an alleged assault of a Correction Officer while plaintiff was in custody of the Department of Correction, and Plaintiff's October 17, 2013 arrest, for Robbery, was based on the allegations of a complaining victim.  Detective Terrell does not appear to have been involved in either arrest.

82 Wall Street – Suite 610
New York, New York 10005