UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JEROME ROMAN,

                              Plaintiff,                           **17-CV-2697 (ALC)(SN)**

            -against-                                              **REPORT AND
                                                                  RECOMMENDATION**

THE CITY OF NEW YORK, et al.,

                              Defendants.

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE ANDREW L. CARTER, JR.:**

        Plaintiff Jerome Roman ("Plaintiff") filed this action on April 14, 2017, pursuant to 42

U.S.C. § 1983, asserting claims arising from four arrests by officers of the New York Police

Department ("NYPD"). By Amended Complaint dated May 5, 2018, Plaintiff asserted claims for

false arrest, malicious prosecution, and denial of fair trial, against NYPD Detective David Terrell

and NYPD Officers Wilfredo Benitez, Gilberto Rodriguez, Yadarquiris Molina, and Corey

Wooten, as well as constitutional violations under Monell v. Dep't of Soc. Servs. of NYC, 436

U.S. 658 (1978) ("Monell"), against the City of New York. On May 6, 2019, Plaintiff withdrew

his claims against Wooten, his claims of liability based on Monell, and his claims for denial of

fair trial. All remaining defendants ("Defendants") move for summary judgment.

        For the reasons stated below, I recommend that Defendants' motion for summary

judgment be GRANTED in its entirety.

**BACKGROUND**

**I.      Preliminary Matters**

The Court draws its account of the underlying facts of this case from the parties'

submissions in support of and in opposition to this motion, including: Defendants' Local Rule

56.1 Statement, ECF No. 75 ("Def. 56.1"); the declaration of Kiran Rosenkilde in support of the

motion for summary judgment, ECF No. 74 ("Rosenkilde Decl."); and the declaration of

Chukwuemeka Nwokoro in opposition to the motion for summary judgment, ECF No. 79

("Nwokoro Decl."). Citations to Defendants' Rule 56.1 Statement incorporate by reference the

documents cited therein.

Defendants filed a Rule 56.1 Statement, which included 104 separately numbered

paragraphs. Defendants' 56.1 Statement includes "Plaintiff's Version of Events" for each of the

four arrests with citation to Plaintiff's Deposition. With respect to each arrest, the Defendants

follow Plaintiff's version with their version of events. Those statements are supported by citation

to admissible documentary evidence and deposition testimony.

Plaintiff did not respond to Defendants' 56.1 Statement by filing a "correspondingly

numbered paragraph responding to each numbered paragraph in the statement of the moving

party." Local. Civ. R. 56.1(b). Under our Local Civil Rules, where a Plaintiff fails to respond to

each numbered paragraph served in the moving party's statement of material facts, those facts

are "deemed to be admitted for purposes of the motion . . .." Local Civ. R. 56.1(c).

Accordingly, facts in Defendants' Rule 56.1 Statement may be taken as true where they

are supported by citation to admissible evidence. See Local Civ. R. 56.1(d); see also Giannullo v.

City of New York, 322 F.3d 139, 140 (2d Cir. 2003). Allegations in a pleading do not themselves

suffice as evidence for the purpose of a summary judgment motion. See Balestriere PLLC v.

CMA Trading, Inc., 11-cv-9459 (MHD), 2014 WL 929813, at *12 (S.D.N.Y. Mar. 7, 2014). Similarly, statements made in a memorandum of law are not competent evidence. See, e.g., Giannullo, 322 F.3d at 142 (memorandum of law "is not evidence at all").

In addition to failing to respond to the Defendants' 56.1 Statement, the Plaintiff did not address most of the arguments raised in Defendants' memorandum of law and did not argue against summary judgment for any of the pleaded claims. Defendants move for summary judgment as to all seven of Plaintiff's remaining false arrest and malicious prosecution claims. Plaintiff's opposition papers argue only that Det. Terrell falsely arrested Plaintiff on July 20, 2014, for which there is no record, before an arrest for which there is arrest paperwork and criminal charges. This earlier arrest is also not raised in Plaintiff's Amended Complaint.

On this record, the Court would be justified in granting Defendants' motion in full on procedural grounds. Having failed to respond to Defendants' 56.1 Statement, Defendants' statements of fact may be deemed admitted. Local Civil Rule 56.1(c). And having failed to respond to Defendants' arguments, Plaintiff's claims may be deemed abandoned. See Jackson v. Fed. Exp., 766 F.3d 189, 195 (2d Cir. 2014) ("[A] partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims."); see also Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) (collecting cases). In their reply brief, Defendants ask the Court to grant summary judgment based on these deficiencies. Plaintiff did not, thereafter, request an opportunity to correct the record. Notwithstanding these substantial failings, dismissal on these grounds would be harsh. To avoid prejudice to Plaintiff caused solely by his counsel's inadequate advocacy, I recommend that the Court decide this motion on the merits.

## II.   Factual Background

Plaintiff claims that several times between 2014 and 2015, officers of the NYPD stopped, searched, and arrested him without cause, and that following each unlawful arrest, he was either released without charge or the charges against him were dropped. Specifically, this case concerns incidents occurring on: (1) July 20, 2014; (2) July 21, 2014; (3) August 1, 2014; and (4) June 13, 2015.

### A.  July 20, 2014

Plaintiff testified that the evening of July 20, 2014, he attended a party in the basement of 396 East 170th Street. Def. 56.1 ¶¶ 4, 6, 8-9. Between 30 and 60 minutes after Plaintiff arrived, police "surrounded" the party and arrested approximately 20 individuals. Id. ¶¶ 10, 12-13; Rosenkilde Decl. at 54. Plaintiff testified that Det. Terrell, who works in the 42nd precinct, was not at the scene of the arrests, and Plaintiff did not hear any officers communicate with Det. Terrell; however, Plaintiff testified that Det. Terrell later appeared at the 44th police precinct where Plaintiff had been taken after his arrest. Def. 56.1 ¶¶ 15-16. Plaintiff was later charged by the Bronx District Attorney's Office with Criminal Trespass in the Third Degree, and on February 25, 2015, all charges against Plaintiff were adjourned in contemplation of dismissal pursuant to N.Y. CPL § 170.55. Id. ¶¶ 19, 33.

Defendants present evidence that Officer Wilfredo Benitez ("Officer Benitez") of the 44th precinct was the arresting officer for Plaintiff's July 20, 2014 arrest. Id. ¶ 18. As memorialized in the criminal court complaint, a named complaining witness (the owner of the property at 396 East 170th Street) informed Officer Benitez that Plaintiff did not have permission or authority to be at the premises. Id. ¶ 20. The Bronx District Attorney's file lists several officers from the 44th precinct involved in the arrest—including Sergeant Shaun Garrett, Officer Andre Smith, Officer

Benitez, and Officer Matthew Manchester. Id. ¶ 21. Defendants' evidence shows that Det.
Terrell's name does not appear anywhere on the July 20, 2014 arrest report, or anywhere in any
of the NYPD's or Bronx District Attorney's documentation pertaining to Plaintiff's July 20,
2014 arrest at 396 East 170th Street. Id. ¶¶ 24-25. The complaint report related to Plaintiff's July
20, 2014 arrest at 396 East 170th Street specifies officer involvement as follows: Officer Benitez
as the "reporting/investigating" officer; Sergeant Willia Esposito as the "supervisor approving";
Officer Smith as the officer who entered the complaint report; and Sergeant Pikul as the "signoff
supervisor." Id. ¶ 26. Defendants also submit Det. Terrell's memo book entries as evidence that
he was off duty on July 20, 2014. Id. ¶ 29. Det. Terrell testified that he was not working on July
20, 2014, because it was his "regular day off," and as such, he did not make any arrests that day.
Id. ¶¶ 30-31.

**B. July 21, 2014**

Sometime around 5:00 or 6:00 p.m. on July 21, 2014, Plaintiff had another interaction
with the police after exiting a bodega on Chisolm Street. Id. ¶ 34. Plaintiff testified that Det.
Terrell and another officer emerged from a marked police car, grabbed Plaintiff's arm,
handcuffed him, and arrested him. Id. ¶¶ 35-36. According to Plaintiff, Det. Terrell arrested him,
but no evidence relating to this arrest was recovered, and Plaintiff was released from the precinct
that day with no charges, tickets, or summons. Id. ¶¶ 37-39. Plaintiff testified that he never went
to court or met with a lawyer for this arrest. Id. ¶ 41.

Defendants submit the arrest report from Plaintiff's July 21, 2014 arrest to show that
nonparty Detective John Scollo was the arresting officer, nonparty Sergeant John Adorno was
the "supervisor approving," and nonparty Detective Mari Galindez was the officer who entered
the report. Id. ¶¶ 42-43. Det. Terrell's name does not appear anywhere on the July 21, 2014

arrest report, nor anywhere in the NYPD or Bronx District Attorney's documentation pertaining to Plaintiff's July 21, 2014 arrest. Id. ¶¶ 45-46. Defendants also submit documentation of Plaintiff's July 21, 2014 arrest (annexed as Ex. F to Rosenkilde Decl.) showing a field test report indicating that two ziplock bags and one marijuana cigarette were recovered in connection with the arrest (from a different arrestee, not Plaintiff). Id. ¶ 48. A summary in the Bronx District Attorney's file states: "On 7/21/14 at approx. 1:58pm UC observed D Roman hand a ziplock bag of marijuana to sep app. [redacted]. UC informed field team of what happened. Both arrested. SILA: 3 bags of marijuana recovered from sep app [redacted] - right front pants pocket." Id. ¶ 52.

Defendants submit an excerpt from Det. Terrell's memo book, showing that on July 21, 2014, he was working from 7:30 a.m. until 4:05 p.m. doing administrative work at the precinct. Id. ¶¶ 53-54. Det. Terrell testified that on July 21, 2014, he was assigned as the field intelligence officer, did not leave the precinct station house during his shift, and did not arrest Plaintiff. Id. ¶¶ 54-56. Although Plaintiff testified that no charges were brought against him stemming from the July 21, 2014 arrest, Defendants submit that on January 23, 2015, on motion by the District Attorney, the court dismissed charges against Plaintiff in connection with the July 21, 2014 arrest because statutory speedy trial time had elapsed. Id. ¶ 58.

### C.  August 1, 2014

Plaintiff testified that he was stopped and frisked by Det. Terrell, another male officer, and a female officer on the evening of August 1, 2014. Id. ¶¶ 59-61. According to Plaintiff, Det. Terrell approached Plaintiff, grabbed him by the shirt and "pat frisked" him, but did not recover anything. Id. ¶ 63. Plaintiff testified that he was arrested, transported to the precinct, and

ultimately released after being held in custody for several hours without any charges or a ticket. Id. ¶ 64.

Defendants submit that Plaintiff was arrested by Officer Yadarqui Molina on August 1, 2014, at 10:16 p.m. Id. ¶¶ 65-66. 67. According to the arrest report, the arrest was based on the statements of a complaining victim, indicating that "defendant [Plaintiff] was observed knowingly and unlawfully inside the premises without permission or authority to do so." Id. ¶ 67. The complaint report also notes, in a field labeled "actions of victim prior to incident," that the complaining victim "told [Plaintiff] several times to leave area [*sic*]." Id. ¶ 69. As noted on the August 1, 2014 arrest report, the "supervisor approving" was listed as Sergeant Ivonne Mercado ("Sergeant Mercado") and the report was entered by Police Officer William Rojas ("Officer Rojas"") . Id. ¶ 68. The complaint report identifies Officer Molina as "reporting/investigating," Sergeant Mercado as "supervisor approving," and Officer Rojas as the officer who entered the complaint report of which a "Sergeant Park" was the "signoff supervisor." Id. ¶ 70. Detective Terrell's name does not appear anywhere in the August 1, 2014 arrest report, or in Officer Molina's memo book entries pertaining to Plaintiff's arrest on August 1, 2014. Id. ¶¶ 71-75.

Defendants also submit Det. Terrell's memo book, showing that on August 1, 2014, he was working from 6:20 a.m. until 2:55 p.m. on assignment to field intelligence. Id. ¶¶ 72-73. Det. Terrell testified that he had never worked with Officer Molina and that he did not see Plaintiff at any point on August 1, 2014. Id. ¶¶ 77-78. Defendants also submit that according to the Bronx District Attorney's Office's "Affidavit in Support of Declining/Deferring Prosecution," the Bronx District Attorney's Office dismissed charges against Plaintiff stemming from the August 1, 2014 arrest because "[t]he Complainant was interviewed by an Assistant

District Attorney and state[d] that she does not want Defendant prosecuted and refuses to cooperate . . .." Id. ¶ 76.

**D.  June 13, 2015**

According to Plaintiff, during the early afternoon of June 13, 2015, he was outside his home at 1366 Lyman Place with his friends when Det. Terrell jumped out of a car and stopped and frisked members of the group. Id. ¶ 81. Det. Terrell grabbed Plaintiff by the arms, threw him against the building, searched his pocket, handcuffed him, and transported him to the precinct, where he was held for hours but eventually released. Id. ¶ 84.

Defendants submit that Officer Gilberto Rodriguez was the arresting officer for Plaintiff's June 13, 2015 arrest for Criminal Possession of Marijuana in the Fifth Degree. Id. ¶¶ 88, 90. A cigarette, which field-tested positive for marijuana, was recovered and vouchered as arrest evidence incident to Plaintiff's arrest on June 13, 2015. Id. ¶ 91. An NYPD Laboratory Report confirmed that after further analysis, the vouchered substance was marijuana. Id. ¶ 92. Defendants contend that Plaintiff was issued a "desk appearance ticket" following the arrest, which he signed, acknowledging his mandatory appearance in court on August 11, 2015, on charges under Penal Law § 221.10(1). Id. ¶ 93. The Bronx District Attorney's Office drafted a misdemeanor criminal court complaint charging Plaintiff under Penal Law §§ 221.10(1) and 221.05, supported by Officer Rodriguez's observation of Plaintiff that "one minute" before apprehension Plaintiff's marijuana cigarette "was . . . extinguished . . . as [Plaintiff] approached [the officer]." Id. ¶¶ 94-96. On August 11, 2015, the Bronx District Attorney's Office adjourned Plaintiff's charges in contemplation of dismissal pursuant to N.Y. CPL § 170.56. Id.   ¶ 97.

### III.     Procedural History

On April 14, 2017, Plaintiff filed the complaint in this case. Plaintiff brought federal claims for false arrest/false imprisonment, malicious prosecution, denial of a fair trial against several individually named officers, as well as constitutional claims based on municipal liability against the City of New York. On May 10, 2018, Plaintiff filed an Amended Complaint. On May 6, 2019, Plaintiff withdrew his claim for municipal liability against the City of New York, his claims for denial of fair trial against all defendants, and all claims against Defendant Officer Corey Wooten. ECF No. 72. On May 14, 2019, the remaining Defendants filed a motion for summary judgment as to all claims. ECF No. 73. On November 5, 2019, the Hon. Andrew L. Carter, Jr. referred the case to me for a report and recommendation on the motion. ECF No. 82.

### DISCUSSION

### I.     Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(d). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On a motion for summary judgment, all evidence must be viewed, and all inferences must be drawn, in the light most favorable to the non-moving party. City of Yonkers v. Otis Elevator Co., 844 F.2d 42, 45 (2d Cir. 1988). The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant satisfies

that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. At this stage, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991). "Only disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. Anderson, 477 U.S. at 248.

## II.    False Arrest

Plaintiff asserts four claims for false arrest and false imprisonment pursuant to § 1983. Plaintiff's false imprisonment claims are subsumed by his false arrest claims. See Cruz v. City of New York, 232 F. Supp. 3d 438, 450 (S.D.N.Y. 2017); Jenkins v. City of N.Y., 478 F.3d 76, 88 (2d Cir. 2007) ("False arrest is simply false imprisonment accomplished by means of an unlawful arrest . . . 'False arrest and false imprisonment are largely synonymous because an imprisonment starts at the moment of arrest.'" (quoting 59 N.Y. Jur. 2d False Imprisonment § 1)); Williams v. City of N.Y., 10-cv-2676 (JG)(LB), 2012 WL 511533, at *2 (E.D.N.Y. Feb. 15, 2012) ("[A]lthough [plaintiff] has pleaded both false arrest and false imprisonment claims, I will treat them as a single claim for false arrest.").

The elements of a false arrest claim are: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (citing Broughton v. New York, 37 N.Y.2d 451 (1975)). With respect to the fourth element, an arrest based on probable cause is privileged such that there

can be no claim for false arrest where the arresting officer had probable cause. Id. at

118; Torraco v. Port Auth. of N.Y. and N.J., 615 F.3d 129, 139 (2d Cir. 2010) (quoting Jaegly v.

Couch, 439 F.3d 149, 152 (2d Cir. 2006) ("The existence of probable cause is an absolute

defense to a false arrest claim.") (internal quotation marks omitted)). "The burden of establishing

the absence of probable cause rests on the plaintiff." Berry v. Marchinkowski, 137 F. Supp. 3d

495, 524 (S.D.N.Y. 2015) (internal quotation marks omitted). The Court may determine, as a

matter of law, whether probable cause existed where there is no dispute as to the pertinent events

or the knowledge of the arresting officers. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

      "Probable cause is established when the arresting officer has knowledge or reasonably

trustworthy information sufficient to warrant a person of reasonable caution in the belief that an

offense has been committed by the person to be arrested." Singer, 63 F.3d at 119 (internal

quotation marks and citations omitted). To determine whether probable cause existed for an

arrest, a court "assess[es] whether the facts known by the arresting officer at the time of the

arrest objectively provided probable cause to arrest." Berry, 137 F. Supp. 3d at 523 (quoting

Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012)). "An arresting officer advised

of a crime by a person who claims to be the victim, and who has signed a complaint or

information charging someone with the crime, has probable cause to effect an arrest absent

circumstances that raise doubts as to the victim's veracity." Id.; see also Miloslavsky v. AES

Eng'g Soc., Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992) ("In general, the veracity of citizen

complaints who are the victims of the very crime they report to the police is assumed."), aff'd,

993 F.2d 1534 (2d Cir. 1993). "Once a police officer has a reasonable basis for believing there is

probable cause, he is not required to explore and eliminate every theoretically plausible claim of

innocence before making an arrest." Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir.

1997). Probable cause supporting the legality of a plaintiff's arrest is measured by the objective circumstances, not by the subjective motivations of the arresting officers. See Zaniewska v. City of New York, 11-cv-2446 (RRM) (VVP), 2013 WL 3990751, at *8 (E.D.N.Y. Aug. 5, 2013), aff'd, 569 F. App'x 39 (2d Cir. 2014).

Even if there was not probable cause to arrest a plaintiff, an officer will be not be liable for false arrest, if, under the doctrine of qualified immunity, "arguable probable cause" existed— i.e., if "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law." Cerrone v. Brown, 246 F.3d 194, 202-03 (2d Cir. 2001) (internal quotation marks and citation omitted) (emphasis in original). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). "In deciding whether an officer's conduct was objectively reasonable for purposes of qualified immunity, [courts] look to the information possessed by the officer at the time of the arrest," without reference to "the subjective intent, motives, or beliefs of the officer." Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010) (internal quotation marks omitted). Summary judgment on qualified immunity grounds is warranted where "the defendant shows that no reasonable jury, viewing the evidence in the light most favorable to the plaintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law." Husain v. Springer, 494 F.3d 108, 131 (2d Cir. 2007)). Where, however, the question of whether an arresting officer had probable cause is predominantly factual in nature, such as where there is a dispute as to the pertinent events, the issue of which account of the events to credit and whether the officer had probable

cause is to be decided by the jury. See Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997); see also Barksdale v. Colavita, 506 F. App'x 82, 85 (2d. Cir. 2012); Zhao v. City of N.Y., 656 F. Supp. 2d 375, 387 (S.D.N.Y. 2009).

### A.  July 20, 2014

Plaintiff asserts a claim for false arrest against Det. Terrell and Officer Benitez based on a July 20, 2014 arrest. During his deposition, Plaintiff testified that he was arrested twice that day, though only criminally charged in connection with the second arrest. See Nwokoro Decl., Ex. B. Plaintiff's opposition brief focuses exclusively on the first arrest.

The Amended Complaint, however, refers only to one arrest on July 20, 2014, and alleges that as a result of that arrest, Plaintiff was charged with criminal trespass and arraigned before a judge in the Criminal Court of the City of New York, Bronx County. See id. ¶¶ 18-28. The parties do not dispute that Plaintiff was, at most, charged once for any arrests that occurred on July 20, 2014. Def. 56.1 ¶¶ 1-33. Defendants submit evidence—which Plaintiff does not dispute— that Plaintiff was arrested at 2:00 a.m. at 396 East 170th Street on July 20, 2014, and that Plaintiff was subsequently charged with trespass and arraigned. Def. 56.1 ¶ 19. I therefore interpret the Amended Complaint, under Count One, to state a claim of false arrest against Det. Terrell and Officer Benitez for the arrest occurring at 396 East 170th Street on July 20, 2014.

### 1.  Det. Terrell

To survive summary judgment on this claim as it applies to Det. Terrell, Plaintiff must come forward with evidence that, among other things, shows a genuine dispute regarding Detective Terrell's personal involvement in Plaintiff's arrest. The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Nardoni v. City of New York, 331 F. Supp. 3d 116, 122 (S.D.N.Y. 2018) (quoting

Victory v. Pataki, 814 F.3d 47, 67 (2d Cir. 2016)). A plaintiff does not have a claim for false arrest under § 1983 if, at the time of his arrest, he was already in custody. Id.; see also, Walker v. Sankhi, 10-cv-6669 (AKH), 2011 WL 13176089, at *2 (S.D.N.Y. June 27, 2011) (holding that because plaintiff was already in custody at the time of his alleged false arrest, his false arrest claim could not succeed), aff'd, 494 F. App'x 140 (2d Cir. 2012); Goncalves v. Reynolds, 198 F. Supp. 2d 278, 283 (W.D.N.Y. 2001) ("Since plaintiff would have been in custody anyway, he cannot state a claim for false arrest.").

Here, Plaintiff points to no evidence of Detective Terrell's personal involvement in his arrest. Plaintiff's testimony indicates that Plaintiff did not see Det. Terrell at the site of the arrest, nor did he hear any officers communicating with Det. Terrell at the time of the arrest, which occurred in a precinct where Det. Terrell did not work. Def. 56. 1 ¶¶ 14-15. Plaintiff adduces no evidence to dispute Defendants' evidence, comprised of testimony, NYPD records, and Bronx District Attorney's Office records, showing that Det. Terrell did not participate in Plaintiff's arrest. Although Plaintiff testified that Det. Terrell appeared at the 44th precinct while Plaintiff was held in custody, that testimony does not create a dispute as to whether Det. Terrell was involved in Plaintiff's arrest for the purposes of a false arrest claim. See Nardoni, 331 F. Supp. 3d at 124-25. Because no dispute exists as to whether Det. Terrell was involved with Plaintiff's arrest, Defendants are entitled to summary judgment on Plaintiff's false arrest claim against Det. Terrell on July 20, 2014.

### 2.  Officer Benitez

Defendants do not dispute that Officer Benitez was personally involved in Plaintiff's arrest on July 20, 2014, but argue that the arrest was supported by probable cause and that summary judgment should be granted on that basis. On July 20, 2014, officers arrested Plaintiff

for trespass based on the complaint of at least one identified victim/complaining witness, whose reliability Plaintiff has not called into question. See Def. 56.1 ¶ 20. The police communicated with the owner of the property at 396 East 170th Street, who informed them that a group—of which Plaintiff admits he was a part—gathered without the owner's permission in the basement at 396 East 170th Street on the night and early morning of July 19-20, 2014. Id. ¶¶ 8-10, 20. Plaintiff has raised no objections as to the veracity of the complaining witness. Under New York Penal Law § 140.10, it is a misdemeanor for a person to "knowingly enter[] or remain[] unlawfully in a building or upon real property (a) which is fenced or otherwise enclosed in a manner designed to exclude intruders," or which meets a number of other criteria (irrelevant here). Based on the complaining witness's statements to the arresting officers, and Plaintiff's failure to create a dispute as to the veracity of the complaining witness's statement to the police, I find that the arresting officers had probable cause to arrest Plaintiff on July 20, 2014. Moreover, even if actual probable cause were lacking, summary judgment in favor of Defendants is warranted on qualified immunity grounds. In light of the undisputed facts, I conclude that a reasonable police officer in the same circumstances as Officer Benitez could have reasonably believed that probable cause existed to arrest Plaintiff for trespass based on the identified complaining witness's statements to the police.

### B. July 21, 2014

Plaintiff asserts a claim for false arrest against Det. Terrell based on the July 21, 2014 arrest. Defendants state that nonparty Detective John Scollo ("Det. Scollo") arrested Plaintiff on July 21, 2014, after he observed Plaintiff "handing a quantity of marijuana to a separate [*sic*] apprehended" individual "in public view." Def 56.1 ¶¶ 42, 47. As submitted by the Defendants under "Plaintiff's Version of Events," at Plaintiff's deposition he testified that Det. Terrell was

his arresting officer and that no evidence relating to this arrest was recovered. Id. ¶¶ 37-38.

Plaintiff himself makes no arguments regarding this arrest in his opposition brief.

Courts in this Circuit have routinely found probable cause to arrest when an officer believes, based on his or her own observation and experience, and in the absence of disputed facts, "that an individual was engaged in a hand-to-hand drug sale." Smith v. City of New York, 04-cv-3286 (TPG), 2010 WL 3397683, at *7-8 (S.D.N.Y. Aug. 27, 2010), aff'd sub nom. Smith v. Tobon, 529 F. App'x 36 (2d Cir. 2013). Here, Defendants submit information showing that the arresting officer was Det. Scollo and that he arrested Plaintiff after he observed what he believed was a hand-to-hand drug transaction. Def. 56.1 ¶ 52. The subsequent discovery of marijuana on the suspected buyer also supports a finding of probable cause. See Smith, 2010 WL 3397683, at *8. Based on this evidence, and drawing all reasonable inferences in the non-movant's favor, a reasonable jury might conclude that Det. Terrell was present at Plaintiff's arrest on July 21, 2014. The identity of the arresting officer, however, is not material because there is no genuine issue as to whether probable cause existed based on Defendants' undisputed evidence pertaining to the basis for Plaintiff's arrest. For these reasons, I conclude that summary judgment should be granted as to Count Three.

Moreover, summary judgment in favor of Defendants would still be warranted on qualified immunity grounds. As discussed above, police officers "are shielded from liability for civil damages" if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). I find that a reasonable police officer in the same circumstances as the July 21, 2014 arresting officer could have reasonably believed that probable cause existed to stop and arrest Plaintiff for the unlawful sale of marijuana. See Smith, 2010 WL 3397683, at *8.

Accordingly, I conclude that Defendants are alternatively entitled to summary judgment on Count Three on qualified immunity grounds.

### C. August 1, 2014

Plaintiff asserts a claim for false arrest against Det. Terrell and Officer Yardarqui Molina ("Officer Molina") based on his August 1, 2014 arrest. As submitted by the Defendants under "Plaintiff's Version of Events," at Plaintiff's deposition he testified that police officers stopped him at or near 1293 Chisolm Street sometime in the evening on August 1, 2014. Def. 56.1 ¶ 59. Plaintiff testified that Det. Terrell and two unidentified officers "jumped out" of a patrol car, and Det. Terrell grabbed Plaintiff by the shirt and frisked him. Id. ¶¶ 60-61. Plaintiff testified that after the frisk, Det. Terrell did not recover any evidence, but arrested Plaintiff and held him for several hours in custody until his release without charges. Id. ¶¶ 63-64. Defendants submit that Plaintiff was arrested on a complaining witness's statement for trespassing at 1293 Chisolm Street at 10:16 p.m. on August 1, 2014. Id. ¶ 66-67; Rosenkilde Decl. at Ex. G. In support of their claim, Defendants also provide the August 1, 2014 arrest report, based on a complaining witness's statement, listing Officer Molina as the arresting officer. Rosenkilde Decl. at Ex. G. According to Defendants, the complaining witness told the police that Plaintiff did not have permission to be at the property and that Plaintiff was told several times to leave the premises. Def. 56.1 ¶¶ 67, 69. Plaintiff does not introduce evidence putting the veracity of the complaining witness's statement at issue. Indeed, Plaintiff does not address this arrest at all in his opposition brief.

Based on the complaining witness's statement to the arresting officers, and Plaintiff's failure to create a dispute as to the veracity of the complaining witness's statement to the police, I find that the arresting officers had probable cause to arrest plaintiff on August 1, 2014. I also

find that summary judgment in favor of Defendants is warranted on qualified immunity grounds because a reasonable police officer in the same circumstances as the August 1, 2014 arresting officers could have reasonably believed that probable cause existed to arrest Plaintiff for trespass based on the identified complaining witness's statements to the police.

### D.  June 13, 2015

Plaintiff asserts a claim for false arrest against Det. Terrell and Officer Gilberto Rodriguez ("Officer Rodriguez") based on his June 13, 2015 arrest. As submitted by the Defendants under "Plaintiff's Version of Events," at Plaintiff's deposition he testified that on June 13, 2015, he and some friends were outside of his residence when Det. Terrell saw them and "jumped out" of his patrol car. Def. 56.1 ¶¶ 79-81. Plaintiff testified that Det. Terrell grabbed him by the arms and threw him against the adjoining building, searched Plaintiff's pocket, and handcuffed him. Id. ¶¶ 82-84. At his deposition, Plaintiff testified that he was taken to the precinct where he was held for hours before his release without charge. Id. ¶¶ 85-87.

Defendants submit evidence that Officer Rodriguez arrested Plaintiff for Criminal Possession of Marijuana in the Fifth Degree after observing Plaintiff for about one minute with a lit marijuana cigarette, which was recovered, field-tested positive for marijuana, vouchered, and later tested positive for marijuana in a laboratory. Id. ¶¶ 88-91. Defendants also submit evidence that Plaintiff was issued a desk appearance ticket following the arrest, and that the Bronx District Attorney's Office drafted a misdemeanor criminal court complaint charging Plaintiff under Penal Law §§ 221.10(1) and 221.05, supported by Officer Rodriguez's observations Id. ¶¶ 92, 94-96. Even accepting Plaintiff's testimony as true and drawing all inferences in his favor, I find that the arresting officer had probable cause to arrest Plaintiff for possession of marijuana.

Probable cause exists where the "arresting officer has knowledge or reasonably trustworthy information" such that a reasonable person would believe that the person to be arrested has committed an offense. O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993). Observation of an individual with a controlled substance may establish probable cause to arrest that individual for possession of the controlled substance. See, e.g., Gonzalez v. City of Schenectady, 728 F.3d 149, 156 (2d Cir. 2013); cf. People v. Eldridge, 480 N.Y.S.2d 481 (1st Dep't 1984) (overturning finding of no probable cause where officers observed individual with what was perceived to be cocaine and arrested individual for possession). Plaintiff does not offer evidence disputing Officer Rodriguez's testimony that he saw Plaintiff with a lit marijuana cigarette, which served as the basis of the arrest. I therefore recommend granting summary judgment on Plaintiff's false arrest claim based on the June 13, 2015 arrest.

## III.    Malicious Prosecution

Federal law defines the elements of a constitutional malicious prosecution claim, while state tort law serves as a source of persuasive authority in defining the elements of the offense. Lanning v. City of Glens Falls, 908 F.3d 19, 25 (2d Cir. 2018). To establish a claim for malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) an absence of probable cause for the proceeding; and (4) that the proceeding was instituted with malice. See Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003).

With regard to the second prong, in order for a termination to be "in the plaintiff's favor" for malicious prosecution purposes, the prosecution must either result in an acquittal, or the final disposition must be such as to indicate the innocence of the accused. See Murphy, 118 F.3d at 948. Dismissals that preclude further prosecution on the same charges are not automatically

considered favorable to the plaintiff for purposes of a malicious prosecution claim. Id. at 949. For instance, terminations brought about by adjournments in contemplation of dismissal are not terminations in the plaintiff's favor for purposes of a malicious prosecution claim. Green v. Mattingly, 585 F.3d 97, 103 (2d Cir. 2009) ("[A]n adjournment in contemplation of dismissal is not considered to be a favorable termination" for malicious prosecution claims); Shain v. Ellison, 273 F.3d 56, 68 (2d Cir. 2001) ("Because an adjournment in contemplation of dismissal is not considered to be a favorable termination, [plaintiff] cannot sustain his malicious prosecution claim based on the criminal proceeding."); Murphy, 118 F.3d at 949 (citing Hollender v. Trump Vill. Co-op., Inc., 58 N.Y.2d 420, 424-26 (1983)); Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980) ("An adjournment in contemplation of dismissal, like a consent decree, involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt."). Similarly, termination by dismissal on speedy trial grounds does not affirmatively indicate innocence, which is required in order to be a termination in favor of a plaintiff under § 1983. See Thompson v. City of New York, 17-cv-3064 (DLC), 2019 WL 162662, at *4 (S.D.N.Y. Jan. 10, 2019).

The issue of whether a given type of termination was favorable to the accused is a matter of law generally reserved to the court for determination. See Murphy, 118 F.3d at 950. Only if there is a question as to the nature of the circumstances leading to that termination should the question be presented to the trier of fact. Id. (citing Russo v. State of New York, 672 F.2d 1014, 1020 (2d Cir. 1982) (issue of favorable termination is one for judge if opposing party presents no conflicting evidence as to the reason for the dismissal), modified on other grounds, 721 F.2d 410 (2d Cir. 1983)); Lenehan v. Familo, 79 A.D.2d 73, 76 (3rd Dep't 1981) (issue is one of law where no factual dispute surrounding the reasons for the dismissal exists).

### A.  July 20, 2014 and June 13, 2015

Plaintiff claims malicious prosecution against Det. Terrell and Officer Benitez stemming from his arrest on July 20, 2014, at 396 East 170th Street. Plaintiff does not adduce any evidence to dispute that the charges related to his July 20, 2014 arrest at 396 East 170th Street were adjourned in contemplation of dismissal. See Def. 56.1 ¶ 33.

Plaintiff also claims malicious prosecution against Det. Terrell and Officer Rodriguez related to his June 13, 2015 arrest. Again, Plaintiff does not adduce any evidence to dispute that the charges related to that arrest were adjourned in contemplation of dismissal. See Def. 56.1 ¶¶ 97-98. Because adjournment in contemplation of dismissal is not a termination in favor of a plaintiff for purposes of a malicious prosecution claim, see Green, 585 F.3d at 103, Plaintiff's malicious prosecution claims fail as a matter of law. Accordingly, I recommend that Defendants' motion for summary judgment be granted as to Counts Two and Six of the Amended Complaint.

### B.  July 21, 2014

Plaintiff also claims malicious prosecution against Det. Terrell for proceedings following Plaintiff's arrest on July 21, 2014. Plaintiff provides no evidence to dispute that the charges brought following that arrest were dismissed on speedy trial grounds. See Def. 56.1 ¶ 42. Termination of proceedings due to the expiration of time on speedy trial grounds is not a termination in the plaintiff's favor for the purposes of a malicious prosecution claim. See Thompson, 2019 WL 162662, at *4. Therefore, Plaintiff's malicious prosecution claim against Det. Terrell following the arrest on July 21, 2014, also fails as a matter of law and I recommend granting Defendants' motion for summary judgment as to Count Four of the Amended Complaint.

**CONCLUSION**

I recommend that the Court GRANT Defendants' motion for summary judgment on all claims and dismiss this case with prejudice.

SARAH NETBURN
United States Magistrate Judge

DATED:      February 4, 2020
            New York, New York

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Andrew L. Carter, Jr. at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Carter. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).